

**FILED & ENTERED**

**JUN 30 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** kaaumoan **DEPUTY CLERK**

# NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARIA TERESA MELENDEZ REY,<br><br>Debtor(s). | Case No.: 2:22-bk-14119-WB<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION**<br><br>Date:       May 17, 2023<br>Time:      1:30 PM<br>Courtroom: 1375 |

      On March 10, 2023, creditor Peter Urquijo ("Creditor") filed a Motion (the "Objection") objecting to the homestead exemption claimed by the debtor, Maria Teresa Melendez Rey ("Debtor"), in real property located at 1922-1924 Bunker Avenue, El Monte, California 91733 (the "Property"). Debtor filed an opposition on March 22, 2023 and Creditor filed a reply on March 29, 2023. The Court was asked to determine whether Debtor was entitled to claim the entire Property as part of her homestead exemption. The Property consists of a single parcel of land with one assigned assessor's parcel number. There are two buildings located on the Property each with a separate address. Debtor resides in the house on 1922 Bunker Avenue. Two separate tenants occupy the duplex on 1924 Bunker Avenue.

A hearing was held on April 5, 2023. Appearances were as noted on the record. The Court considered the pleadings, arguments raised at the hearing, and the record as a whole and took the matter under submission. At the continued hearing held on May 17, 2023, the Court sustained the Creditor's Objection and determined that only 1922 Bunker Avenue and one-half of the garage are covered by Debtor's homestead exemption. The Court's memorandum of decision now follows.

## I.    FACTUAL BACKGROUND

Debtor commenced a voluntary chapter 7[1] case on July 29, 2022.[2] On her schedules, Debtor listed an interest in the Property and scheduled it as having a value of $930,000.00. She characterized the Property as her residence and as being two houses on a single parcel. Debtor scheduled the Property as exempt in the amount of $626,400.00 pursuant to California Code of Civil Procedure § 704.730(a)(3). Encumbrances against the Property totaled $583,518.00.

Creditor obtained an order for a Rule 2004 exam of Debtor and for production of documents, which was conducted on December 21, 2022. At the examination, Debtor testified she moved into her home on 1922 Bunker Avenue in 2017 and has lived there since. Situated on 1924 Bunker Avenue is a six-bedroom, two bath home that can be divided into a duplex featuring two adjacent residences each with three-bedrooms and one bath. Debtor stated that the duplex was built shortly after purchasing the Property in 1997 with her then husband. The two structures are separated by a fence and have separate driveways, entrances,

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] On November 30, 2022, Debtor filed a motion convert her case to one under chapter 13. On February 8, 2023, after hearing and argument, the Court entered the order converting Debtor's case with the caveat that if the chapter 13 case is not completed Debtor's case will be reconverted to chapter 7.

parking, utilities and mailboxes. Debtor has never resided in the duplex. Prior to entering either unit of the duplex, Debtor must give written notice to the tenant. Debtor has not entered the duplex since 2020. A two-car garage is attached to the duplex. Debtor utilizes one-half of the garage for storing supplies and rents the other half to one of the tenants. At the time of Debtor's bankruptcy filing, there were two separate tenants (one in each unit) residing in the duplex.[3]

In March 2023, Creditor filed an Objection to Debtor's homestead exemption, objecting to Debtor's claimed exemption in both the 1922 Bunker Avenue residence and the 1924 Bunker Avenue duplex. Creditor argued that because the 1924 Bunker Avenue duplex and appurtenant land is not necessary for Debtor's full use and enjoyment of her home, she is not entitled to claim a homestead exemption in the entire Property.

## II. DISCUSSION

California has opted out of the federal exemption scheme and permits its debtors only the exemptions allowable under state law. CCP § 703.130. Consequently, while the federal court decides the merits of state exemptions, the validity of the claimed state exemption is controlled by California law. *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 964 (9th Cir. 2018); *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 16 (9th Cir. BAP 2003) *citing LaFortune v. Naval Weapons Ctr. Fed. Credit Union (In re LaFortune)*, 652 F.2d 842, 846 (9th Cir. 1981)). Accordingly, we apply California law in determining whether Debtor's homestead exemption covers the 1924 Bunker Avenue duplex and appurtenant land.

In California, there are two types of homestead exemptions: (1) a declared homestead exemption, which a party must record; and (2) an automatic homestead exemption. The automatic homestead exemption is what is at issue in this case. Pursuant to California Code of Civil Procedure § 704.710, an automatic homestead

---

[3] In 2021, Debtor received approximately $4,141.00 per month in rental income.

exemption may be claimed in "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." CCP § 704.710(c). The word "dwelling" as used in the statute "means a place where a person *resides* and may include...[a] house together with the outbuildings and the land upon which they are situated." CCP § 704.710(a) (emphasis added).

The automatic homestead exemption can only be claimed by a debtor (or the debtor's spouse) who resides in the homestead property at the time of a forced judicial sale of the dwelling. *In re Cumberbatch*, 302 B.R. 675, 678 (Bankr. C.D. Cal. 2003). "The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption." *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 334 (9th Cir. BAP 2016) (citing In re Kelley, 300 B.R. at 21). The party claiming the automatic homestead exemption has the burden of proof on the existence of the exemption. CCP § 703.580(b). On the petition date, CCP § 704.730(a) permitted a $600,000.00 homestead exemption. CCP § 704.730(a).

Debtor contends that Creditor's reliance on the requirement that the 1924 Bunker Avenue duplex must be necessary for Debtor's full use and enjoyment of her home is based on obsolete authority that is at odds with a plain reading of California Code of Civil Procedure § 704.710. Debtor argues that pursuant to the statutory definition of "dwelling" and "homestead", because she has continuously resided in her home (at 1922 Bunker Avenue) on a single lot of land which contains an outbuilding (at 1924 Bunker Avenue) currently being rented to tenants, the entirety of the Property is her "dwelling" and entitled to the homestead exemption.

While a plain reading of the statute does not contain a restriction that the duplex must be "necessary for the use and enjoyment" of Debtor's dwelling in

order to be included in her homestead, the Court cannot ignore the judicial import of more than a century and a half of decisions finding use and enjoyment central to the construction of the homestead exemption. *See Gregg v. Bostwick*, 33 Cal. 220, 228 (1867) (holding there must be some use, dedication and appropriation of the land as a home, to constitute a valid homestead claim; if only a part of the land is used and appropriated as the family home, the remainder forms no part of the homestead claim); *In re Estate of Fath*, 132 Cal. 609, 613 (1901) (purpose of homestead law is to provide a home where the owner of the homestead may reside and enjoy the comforts of a home); *Morrison v. Barham,* 184 Cal.App.2d 267, 272–74 (1960) (purpose of homestead law is to give the homesteader the right to the "undisturbed use, possession, and enjoyment of the property"). "It has been held that where two separate houses stand upon the real property sought to be impressed with a homestead, only one of which is occupied as a dwelling by the claimant, the other being rented to tenants, an attempt to dedicate both as a homestead is inoperative." *Vincenzini v. Fiorentini*, 2 Cal.App.2d 739, 741 (1934).

More recently, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") in *In re Bond*, 2006 WL 6810941, at *5 (9th Cir. BAP (Cal.) 2006) stated that "[t]here is no legal limitation on the amount of land or the number of lots that can be declared as homestead, the only test is whether the property is actually used as the family residence and whether the surrounding property claimed is necessary or convenient for the enjoyment of the family home." 2006 WL 6810941, at *5, *citing* 5 HARRY D. MILLER & MARVIN B. STARR, CAL. REAL ESTATE § 13:11 (3d ed. 2000) ("MILLER & STARR"). The BAP stated, in agreement with the Miller & Starr treatise, while there is no formula for determining the propriety of the use of the surrounding property claimed, it cannot be protected by the homestead if is it neither necessary nor convenient for the enjoyment of the home. *Id*. The Court finds that the 1924 Bunker Avenue duplex and appurtenant land and one-half of

the garage are not necessary for the use and enjoyment of Debtor's home and are not entitled to the homestead exemption.

Debtor further argues that because the Property is a single lot that is indivisible and cannot be sold piecemeal the entirety constitutes Debtor's "dwelling" under CCP § 704.710(c). This argument is without merit. Courts have long entertained causes and proceedings to determine what portion of the land described in the declaration of homestead is needed for the declarant's convenient use and what portion thereof is "excess land". *Wagner v. Ulrich*, 204 Cal. 452, 453(1938), *see Gregg v. Bostwick*, 33 Cal. 220; *Guernsey v. Douglas*, 171 Cal. 329 (1915); *Lorenz v. Hunt*, 91 Cal.App. 78 (1928); *Estate of Schmelz*, 259 Cal.App.2d 440 (1968). As noted by Judge John Minor Wisdom, the "patina of old cases does not affect their quality." *Consol. Rail Corp. v. Metro–North Commuter R.R.*, 638 F.Supp. 350, 356 (Sp. Ct. RRRA 1986).

### III. CONCLUSION

For the foregoing reasons, Creditor's Objection is sustained. The 1924 Bunker Ave duplex and appurtenant land and one-half of the garage are not part of Debtor's exempt homestead. The Court shall enter an order consistent with this memorandum of decision.

###

Date: June 30, 2023

Julia W. Brand
United States Bankruptcy Judge